THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY
OF HUNTERDON

*v.*

CATHARINE HENRY et al.

The father of a lunatic bequeathed a moiety of the residue of his estate to her as follows: " As my daughter Catharine is not capable of taking charge of her share of my estate hereinbefore bequeathed to her, I give and bequeath whatever sum may be found to be her equal share of my estate, as set forth in the preceding item, to my executors in trust for the use and comfortable maintenance and support of my said daughter Catharine" &c.—*Held*, that Catharine's creditors, who had recovered a judgment at law against her for expenditures for her support before her father's death, could not subject thereto her share in the executors' hands.

———

Creditors' bill.    On general demurrer.

*Mr. O. P. Chamberlin* and *Mr. P. A. Queen*, for complainants.

*Mr. M. Wyckoff*, for demurrants.

THE CHANCELLOR.

The complainants are judgment creditors of Catharine Henry, who is a lunatic. They recovered in the supreme court a judgment against her, which is unpaid. Execution issued thereon has been returned unsatisfied. The object of the suit is to reach her interest in property given to her by the will of her father. The judgment was recovered for expenditures for her support made before her father's death.

By the will the testator gave to her and her brother Wesley

Lyon v. Church of the Redeemer.

the residue of his estate, in equal shares, as to her share providing as follows :

" As my daughter Catharine is not capable of taking charge of her share of my estate hereinbefore bequeathed to her, I give and bequeath whatever sum may be found to be her equal share of my estate, as set forth in the preceding item, to my executors in trust for the use and comfortable maintenance and support of my said daughter Catharine ; and at her decease I do bequeath whatever part of my daughter Catharine's share may remain unexpended to my son, Wesley G. Henry, if he should survive ; but if he shall not survive, then to the surviving children of my son, Wesley G. Henry, share and share alike."

The bill is exhibited against Catharine and the executors. The latter have demurred. The bill cannot be sustained. It is urged by the complainants that the gift of the share of the residue is to Catharine herself, and that the subsequent provision in reference to it is merely a protection cast around her in disposing of it in view of her mental incapacity. But the gift of the share to Catharine is expressly subject to the subsequent gift in trust. The residue is given to her and Wesley, " with the directions as to Catharine's share set forth in the next item," which creates the trust. The trust is an active one. The share amounts to about $4,000. The cases which hold that such a fund or the interest thereof cannot be reached to satisfy a judgment against the *cestui que trust* are numerous. See, especially, *Lippincott* v. *Evens, 8 Stew. Eq. 553,* and *Halstead* v. *Westervelt, 14 Stew. Eq. 100.*

The demurrer will be allowed.